David G. Barker (#024657)
Rachael Peters Pugel (#032626)
Michelle Emeterio (*pro hac vice* forthcoming)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: dbarker@swlaw.com
      rpugel@swlaw.com
      memeterio@swlaw.com
Attorneys for Plaintiff Photography By Frank Diaz LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Photography By Frank Diaz LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>Friends of David Schweikert, a principal campaign committee, David Schweikert, and Joyce Schweikert, husband and wife,<br><br>        Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

      Photography By Frank Diaz LLC ("Plaintiff") submits this Complaint against defendants Friends of David Schweikert, David Schweikert ("Schweikert"), and Joyce Schweikert (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action against Defendants in order to protect its copyrights in a photograph entitled 2018.05.25_Charlie's Superhero (the "Copyrighted Work"), which Defendants tortiously and intentionally infringed when they copied, reproduced, distributed, and publicly displayed identical or substantially similar copies of, and/or prepared derivative works based upon, the Copyrighted Work, without Plaintiff's

permission, in furtherance of Schweikert's current campaign for election to Arizona's 1st Congressional District in the United States House of Representatives.

2. Plaintiff is seeking injunctive relief to enjoin Defendants from their ongoing infringement of Plaintiffs' copyrights in the Copyrighted Work, as well as monetary relief for the damages caused by Defendants' intentional infringement.

**PARTIES**

3. Plaintiff is an Arizona limited liability company doing business in Phoenix, Arizona.

4. Plaintiff's sole member and manager is Frank Diaz ("Diaz").

5. Defendant Schweikert is a Republican incumbent candidate currently campaigning for Arizona's 1st Congressional District in the United States House of Representatives.

6. Defendant Friends of David Schweikert is the principal campaign committee for Defendant Schweikert's campaign and is registered with the Federal Elections Commission, Identification No. C00540617.

7. Defendant Friends of David Schweikert conducts activities in Arizona on behalf of and/or for the benefit of Defendant Schweikert, including operating davidschweikert.com/, printing and distributing political mailers, posting political signs on public property, selling and promoting political yard signs, recruiting campaign volunteers, soliciting and managing campaign contributions, and otherwise funding and promoting Defendant Schweikert's political campaign.

8. Defendant Schweikert is directly liable for the infringement alleged herein because he directs and officially authorizes the actions of Defendant Friends of David Schweikert and is a moving active conscious force behind the infringement.

9. On information and belief, Defendants Schweikert and Joyce Schweikert are married and reside in Arizona. At all material times, Defendant Schweikert acted on behalf of and in furtherance of the marital community.

## JURISDICTION AND VENUE

10. This action for copyright infringement arises under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

11. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for claims arising under the Copyright Act.

12. This Court has personal jurisdiction over Defendants because Defendants are residents of Arizona and have committed acts of copyright infringement in the District of Arizona.

13. Venue is proper in this judicial district under 28 U.S.C. § 1400 and 28 U.S.C. §§ 1391(b)(1), (2) and (c)(1), (2) because Defendants reside in the District of Arizona and a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

### Plaintiff and the Copyrighted Work

14. For more than two decades, Diaz has engaged in portraiture, event photography, commercial photography, web design, and more.

15. Diaz's photography is known for its use of angles, lighting techniques, materials, layouts, content and more, resulting in creative works of original authorship.

16. Diaz is a member of the Professional Photographers of America and has been awarded the designation Best Portrait Photographers in Seattle by Expertise.com multiple years in a row.

17. In 2015, Diaz formed Plaintiff Photography by Frank Diaz, LLC and is its sole member and manager.

18. Plaintiff is also the owner of a broad portfolio of copyrights in various photographs, designs, images, and compilations, is known for its high quality, professional photography products and services, and has developed significant goodwill and a broad following in connection with its works.

19. Plaintiff directly licenses to third parties—in its sole discretion—certain uses of its copyrighted works, and, when so approved for licensing, requires and establishes licensing fees for publications, campaigns, and other selected uses.

20. On May 25, 2018, Diaz created the Copyrighted Work while digitally photographing a Memorial Day super-hero themed event at Charlie's, a bar located in Phoenix, Arizona. *See* Exhibit A.

21. The Copyrighted Work, which depicted two subjects standing together (including Defendant Schweikert's current primary opponent, Elijah Norton), is unrelated to any political event and neither of the subjects was running for nor held political office at the time it was created.

22. The Copyrighted Work is a wholly original work of visual art.

23. On May 26, 2018, Diaz assigned his rights in the Copyrighted Work to Plaintiff, with the exception of his moral rights as a visual artist, which are not transferrable and have not been waived.

24. Plaintiff published the Copyrighted Work on May 30, 2018.

25. All public depictions of the Copyrighted Work by Plaintiff were accompanied by an appropriate copyright notice and/or watermark signature indicating that Plaintiff is the owner of all rights in the Copyrighted Work.

26. Plaintiff owns a federal registration for the Copyrighted Work, Registration No. VA 2-307-541 (the "Registration"), issued by the United States Copyright Office on July 8, 2022.  *See* Exhibit B.

27. Plaintiff is the owner of all right, title, and interest in the Copyrighted Work.

### Defendants' Infringing Conduct

28. Without permission from Plaintiff, Defendants copied, reproduced, distributed, and publicly displayed identical or substantially similar copies of, and/or prepared derivative works based upon, the Copyrighted Work, in furtherance of Defendant Schweikert's campaign for election to Arizona's 1st Congressional District in the United States House of Representatives.

4

29. More specifically, Defendants printed and distributed thousands of political mailers to the voters in Arizona's 1st Congressional District which included identical or substantially similar copies of, and/or derivative works based upon, the Copyrighted Work.

30. Defendants have also posted large roadside signs on public property which similarly include identical or substantially similar copies of, and/or derivative works based upon, the Copyrighted Work.

31. Defendants are using or have facilitated the use of identical or substantially similar copies of, and/or derivative works based upon, the Copyrighted Work on social media pages, including, but not limited to, a Twitter account using the handle @RejectNorton.

32. The political mailers, signage, and other infringing uses of the Copyrighted Work by Defendants are referred to herein as the "Infringing Works." *See* Exhibit C.

33. The Infringing Works are substantially similar to the Copyrighted Work because the Infringing Works use the same expression, concepts, and examples, among other things, as the Copyrighted Work.

34. In addition, numerous other original elements of the Copyrighted Work are copied in the Infringing Works.

35. There was no legitimate reason—political or otherwise—for Defendants to use, reproduce, distribute, or display identical or substantially similar copies of, and/or derivative works based upon, the Copyrighted Work.

36. Defendants have used the Copyrighted Work in a manner that Plaintiff never would have permitted.

37. Defendants' use of the Copyrighted Work is without Plaintiff's authorization or consent, and without any compensation to Plaintiff.

38. On information and belief, Defendants continue to infringe the Copyrighted Work on signs, mailers, and social media.

39. Not only has Defendants' infringement been pervasive, but it has also been callous and willful, in disregard of, and with indifference to, the rights of Plaintiff, including Plaintiff's website's terms of service and watermark signature.

40. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to use, reproduce, display, distribute, or create derivative works based upon the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether, which Plaintiff most certainly would have done.

41. On July 6, 2022, Plaintiff's counsel sent a letter to Defendants demanding that Defendants immediately cease and desist all use, reproduction, display, publication, transmission, distribution, or creation of derivatives of the Copyrighted Work for any purpose whatsoever.

42. As of the date of this Complaint, Plaintiff has received no response to its cease-and-desist letter and, after reasonable inquiry, has no evidence that Defendants complied with the demands set forth therein.

43. As a result of Defendants' tortious and infringing actions, Plaintiff has been and is continuing to be damaged.

44. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work.

45. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law and for which injunctive relief is available.

\4860-1080-0681

## COUNT ONE

## (Copyright Infringement Under 17 U.S.C. § 501)

### (All Defendants)

46. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

47. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act.

48. Plaintiff has a valid and subsisting copyright registration issued by the United States Copyright Office for the Copyrighted Work, Registration No. VA 2-307-541.

49. Plaintiff owns valid copyrights in the Copyrighted Work, to which the Registration relates.

50. Plaintiff paid the requisite filing fee and made a complete material deposit for the Copyrighted Work prior to initiating this lawsuit.

51. Defendants have, without the authorization or consent of Plaintiff, reproduced, distributed copies of, and publicly displayed identical or substantially similar copies of original expression from, and/or prepared derivative works based upon, the Copyrighted Work, without Plaintiff's permission by way of the Infringing Works.

52. Defendants had access to the Copyrighted Work through Plaintiff's website, https://www.frankaz.com/.

53. Defendants' access to the Copyrighted Work was prior to their creation of the Infringing Works.

54. Defendants have infringed Plaintiff's copyrights in the Copyrighted Work.

55. Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work.

56. This wrongful conduct constitutes a violation of 17 U.S.C. § 501.

\4860-1080-0681

57. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial, including Plaintiff's actual damages and Defendants' profits attributable to their infringing conduct alleged herein.

58. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Moreover, unless Defendants' infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff, therefore, is entitled to injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

59. Plaintiff is entitled to an injunction, actual damages, Defendants' profits, and an award of attorneys' fees and other costs as provided under 17 U.S.C. §§ 504(b), 505.

## COUNT TWO

### (Vicarious and/or Contributory Copyright Infringement)

### (Against Defendant Schweikert Only)

60. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

61. If Defendant Schweikert did not directly infringe the Copyrighted Work, then he is liable for vicarious and/or contributory infringement.

62. Defendant Friends of David Schweikert directly infringed Plaintiff's valid copyrights in the Copyrighted Work by way of the Infringing Works.

63. Defendant Friends of David Schweikert is the principal campaign committee for Defendant Schweikert's current campaign for election to Arizona's 1st Congressional District in the United States House of Representatives.

64. On information and belief, Defendant Schweikert approved in advance all political advertisements offered on his behalf, including the Infringing Works, pursuant to applicable election laws.

8

\4860-1080-0681

65. Defendant Schweikert knew or had reason to know of the infringing activity of Defendant Friends of David Schweikert.

66. Defendant Schweikert intentionally induced and/or materially contributed to the infringing activity of Defendant Friends of David Schweikert by, at least, approving of and facilitating Defendant Friends of David Schweikert's use, copying, reproduction, display, and distribution of the Copyrighted Work, or derivative works thereof.

67. Defendant Schweikert took affirmative steps to encourage the infringing activity of Defendant Friends of David Schweikert by, among other things, encouraging and providing approval to Defendant Friends of David Schweikert to copy, reproduce, display, and distribute copies of the Copyrighted Work, or derivative works thereof, and by facilitating the same.

68. Defendant Schweikert contributorily infringed Plaintiff's copyrights in the Copyrighted Work.

69. Defendant Schweikert directly benefitted financially from the infringing activity of Defendant Friends of David Schweikert through donations made to and funds raised for his campaign by way of the infringing actions of Defendant Friends of David Schweikert, as alleged herein.

70. Defendant Schweikert had the right and ability to supervise and/or control the infringing activity of Defendant Friends of David Schweikert related to the Copyrighted Work.

71. Defendant Schweikert failed to exercise his right and ability to supervise and/or control the infringing activity of Defendant Friends of David Schweikert related to the Copyrighted Work.

72. Defendant Schweikert vicariously infringed Plaintiff's copyrights in the Copyrighted Work.

73. Defendant Schweikert's conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work.

\4860-1080-0681

74. Defendant Schweikert's wrongful conduct constitutes a violation of the Copyright Act.

75. As a direct and proximate result of Defendant Schweikert's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial, including Plaintiff's actual damages and Defendant Schweikert's profits attributable to his infringing conduct alleged herein.

76. As a direct and proximate result of Defendant Schweikert's infringing conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Moreover, unless Defendant Schweikert's infringing conduct is enjoined by this Court, Defendant Schweikert's will continue to contributorily and/or vicariously infringe the Copyrighted Work. Plaintiff, therefore, is entitled to injunctive relief restraining and enjoining Defendant Schweikert's ongoing infringing conduct.

77. Plaintiff is entitled to an injunction, actual damages, Defendant Schweikert's profits, and an award of attorneys' fees and other costs as provided under 17 U.S.C. § 504(b) and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. For judgment in favor of Plaintiff and against Defendants on all claims set forth above;

B. That Defendants, their agents, servants, employees, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    i. copying, using, distributing, or displaying identical or substantially similar copies of, and/or preparing derivative works based upon, the Copyrighted Work or any portion thereof; and

    ii.  aiding, assisting, abetting, encouraging, or facilitating any other individual or entity to do any act prohibited by sub-paragraph (a);

  C.  That Defendants provide an accounting of (i) their profits attributable to Defendants' infringing conduct, including, but not limited to, political donations received after Defendants' infringement of the Copyrighted Work began, as well as any profits from sales and any other exploitation of the Copyrighted Work, and (ii) all products, works, yard signs, mailers, or other materials that include, copy, reproduce, display, are derived from, or otherwise embody the Copyrighted Work, whether in whole or in part;

  D.  That Defendants destroy or deliver up for destruction all copies of the Copyrighted Work and all materials in Defendants' possession, custody, or control which include, copy, reproduce, display, are derived from, or otherwise embody the Copyrighted Work, whether in whole or in part;

  E.  That Defendants, at their own expense, recall all copies of the Copyrighted Work or materials which include, copy, reproduce, display, are derived from, or otherwise embody the Copyrighted Work, whether in whole or in part, from any distributor, retailer, vendor, or other person that has distributed the Copyrighted Work on Defendants' behalf, and that Defendants be ordered to destroy or deliver up for destruction all such copies and materials returned to it;

  F.  That Defendants be ordered to conduct remedial advertising acknowledging their willful infringement of the Copyrighted Work, in a form and under conditions to be determined by the Court;

  G.  That Defendants be ordered to pay Plaintiff its actual damages sustained as a result of Defendants' infringing conduct, in an amount to be proven at trial;

  H.  That Defendants be ordered to pay Plaintiff all profits obtained by Defendants as a result of their infringing conduct, including, but not limited to, political donations received after Defendants' infringement of the Copyrighted Work began, as well as any profits from sales and any other exploitation of the Copyrighted Work;

\4860-1080-0681

I.  That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

J.  That Plaintiff be awarded pre-judgment and post-judgment interest on the foregoing sums; and

K.  That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues in this litigation that are triable to a jury.

DATED this 13th day of July, 2022.

SNELL & WILMER L.L.P.

By: s/ *Rachael Peters Pugel*
David G. Barker
Rachael Peters Pugel
Michelle Emeterio
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Attorneys for Plaintiffs Photography By Frank Diaz LLC and Frank Diaz

\4860-1080-0681