**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Photography By Frank Diaz LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Friends of David Schweikert, et al.,<br><br>　　　　　Defendants. | No. CV-22-01170-PHX-JAT<br><br>**ORDER** |

　　　This case was filed on July 13, 2022. This Court held a Rule 16 conference on September 14, 2022. At that conference, the Court set deadlines for filing motions to amend the pleadings. The deadline for filing motions to amend the complaint was October 7, 2022. (Doc. 25 at 1). In the parties proposed case management plan, they had suggested a deadline of September 14, 2022 (Doc. 22 at 5) for motions to amend the complaint; thus, the Court's deadline of October 7, 2022 was actually approximately 3 weeks longer than the parties suggested.

　　　On February 23, 2023, the parties filed a stipulation (Doc. 32) to extend the October 7, 2022, deadline to file motions to amend the pleadings. Working on the assumption any motion to amend would be granted, the parties further stipulated to extend all other Rule 16 deadlines to allow time to complete discovery on the to-be-filed amended complaint.

　　　The parties claim to have shown good cause to extend the deadlines. (Doc. 32). Specifically, they state that they elected to give themselves extensions of time to do discovery because one Defendant was campaigning until early November and had

"congressional duties" thereafter. (*Id*.). However, the parties never sought, nor received, any extension or stay of discovery during this 5-month period.

> Federal Rule of Civil Procedure 16 provides, in pertinent part:
>> (1) Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
>> . . . .
>> (3) The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
>> . . . .
>> (4) A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). "…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit Court of Appels has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Here, the parties fail all three prongs of *Jackson*. The parties failed to create a "workable" Rule 16 order by suggesting motions to amend should be due the day of the

Rule 16 conference. The parties were not diligent by failing to timely pursue discovery over the last 5 months. Additionally, the parties' reason for not pursuing discovery–a Defendant's campaign and congressional commitments–was completely foreseeable at the Rule 26(f) conference and the Rule 16 hearing. Finally, the parties were not diligent in seeking amendment of the Rule 16 order *once it became apparent* that they would not meet the deadlines in the Order. As already stated above, the deadline sought to be extended expired October 7, 2022, and the stipulation to extend the deadline was filed February 23, 2023. It must have been apparent to the parties back in October that they could not meet the deadline.

Finally, although the Court is not required to consider prejudice, the Court notes that Defendants have now filed a motion for judgment on the pleadings. If this Court were to grant leave to amend the complaint, that briefing would not attack the operative pleading, and would be denied as moot. Thus, this delay would have caused Defendants to incur unnecessary attorney's fees in filing a motion that would be rendered moot by an amended complaint.

Thus, for all of the foregoing reasons, the Court will not extend the long-expired deadline to file motions to amend the complaint. Further, because a presumed amendment is the only basis to extend all other deadlines, the stipulation to extend deadlines will be denied in its entirety. Accordingly,

**IT IS ORDERED** that the stipulation to extend deadlines (Doc. 32) is denied.

Dated this 27th day of February, 2023.

_James A. Teilborg_
Senior United States District Judge