**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Photography By Frank Diaz LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Friends of David Schweikert, et al.,<br><br>        Defendants. | No. CV-22-01170-PHX-JAT<br><br>**ORDER** |

Pending before the Court are two discovery disputes among the parties one of which involves a non-party.

**Doc. 45**

In the discovery dispute filed at Doc. 45 (with supplemental briefs filed by the parties as ordered by the Court at Docs. 50 and 51) Plaintiff complains that Defendants will not meaningfully engage in discovery. Specifically, it is undisputed that on "August 22, 2022, Plaintiff served request for production ("RFP") No. 3 for: 'All documents and communications concerning or referring to the Copyrighted Work, including [Defendants'] use, copying, reproduction, display, or distribution of the Copyrighted Work or derivative works thereof . . . .'" (Doc. 45 at 2). It is undisputed that Defendants did not timely object to this RFP. (*Id.*; Doc. 50 at 1). Plaintiff asserts that via some third-party discovery, some documents that would have been in Defendants' possession, custody and control (such as sent emails and sent text messages) were produced that were responsive to RFP 3, but Defendants never produced them. (Doc. 45 at 2). Thus, Plaintiff asks that this Court order:

"that, within fourteen (14) days following entry of this Order, Defendants shall produce all documents and communications concerning or referring to the Copyrighted Work [footnote omitted], including Defendants' use, copying, reproduction, display, or distribution of the Copyrighted Work or derivative works thereof, and documents sufficient to show the dates Defendants caused any portions of the Copyrighted Work to be distributed." (Doc. 45-1 at 1).

Defendants now raise several objections to RFP 3, some of which at a surface glance appear to have merit. However, by failing to timely object, Defendants have forfeited these objections.[1]

> To be sure, Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Thus, a party waives any objection to an interrogatory "by failing timely to raise it." *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 n.2 (9th Cir. 2016). The same principles govern RFPs under Rule 34. Although the concept of waiver/forfeiture is not enshrined in the text of Rule 34, the Ninth Circuit has recognized that, under both Rules 33 and 34, "a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

*ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2021 WL 1424408, at *5 (D. Ariz. Apr. 15, 2021).

> "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). However, Rule 33 allows courts to excuse such a waiver "for good cause." Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not contain an analogous provision, courts "generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33." *Liguori v. Hansen*, No. 2:11–cv–00492–GMN–CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). Accordingly, courts "retain discretion to relieve a late or non-responding party from the

---

[1] Although the rules and case law use the term "waiver" when referring to the consequences arising from the failure to raise timely objections to a discovery request, it would be more accurate to use the term "forfeiture" in this context. *See generally United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.") (internal quotation marks omitted).

*ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2021 WL 1424408, at *5 n.7 (D. Ariz. Apr. 15, 2021).

potentially harsh consequences associated with waiver." *Id.* at *11. *Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 4284383, at *1 (D. Ariz. July 27, 2020).

As indicated above, Defendants forfeiture of their objections could be excused if they showed good cause. However, Defendants' supplemental brief (Doc. 50) does not argue good cause, and indeed never uses the words "good cause." Defendants do argue, as to *one* of their objections, that additional information came to light after the 30-day window to make objections closed. However, the majority of Defendants' objections are premised on information that was known to them at the time the RFP was propounded. Thus, even if this Court liberally construes Doc. 50 as impliedly making a "good cause" argument based on a change in circumstances, the majority of the objections are still forfeited.

As to Defendants' implied argument for good cause, Defendants say, "Defendants did not lodge a written objection to RFP 3 within 30 days of its service on Defendants because Defendants do not believe that the request was necessarily facially improper at the time it was propounded." Doc. 50 at 1. The Court finds that the following objections of Defendants were known to Defendants at the time RPF 3 was propounded; and, therefore, waived/forfeited by the failure to timely object: 1) relevance; 2) whether the mailing list is protected under Arizona state law; 3) confidentiality of mailing lists; and 4) "CEO" discovery must be limited to personal knowledge.

Thus, the only remaining objection is that because Plaintiff has obtained responsive documents from other sources (such as receiving a copy of Defendants' sent emails from the non-party who received the emails), RFP 3 has become cumulative and duplicative. In considering a cumulative objection,

> …the court is required to limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). A discovery request is cumulative or duplicative if the requesting party already has the information that they are seeking to obtain. In those circumstances, the usual course of action is to limit or modify the discovery request upon motion. *See Bounkhoun v. Barnes*, No. 15-CV-631, 2020 WL 1526917, at *5 (W.D.N.Y. Mar. 30, 2020) (modifying

deposition subpoenas because the requestor already had access to certain information); *S.E.C. v. Chen*, No. CV157425, 2016 WL 3598108, at *5 (C.D. Cal. Feb. 4, 2016) (ordering that movants need not produce certain records to the extent they are already in the possession of the requestor).

However, the fact that a requestor may already be in possession of some related information does not always amount to a finding a discovery request is sufficiently cumulative or duplicative. *See Amphenol Corp. v. Fractus*, S.A., No. 19 MISC. 160, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (declining to quash subpoena even where the request was potentially duplicative). If the deposition subpoena recipient is likely to have more complete or better information, then the court may conclude that their deposition testimony is still necessary. *Id*. at *11 ("[B]ecause of the subpoena recipient's important role in [the] controversy ... [i]t is, therefore, not unreasonable ... to seek information relevant to these central issues from [the subpoena recipient], even if some of it may prove duplicative." (internal quotation marks omitted)).

*Brennan v. Mylan Inc.*, No. 6:22-MC-06015, 2023 WL 2445344, at *2–3 (W.D.N.Y. Mar. 10, 2023). On very similar facts to this case, the Nevada court stated:

> The trial court has broad discretion to permit or deny discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The scope of discovery is limited to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party that resists discovery must detail—through "specific examples and articulated reasoning"—why each discovery request is objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006); *see also F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).
>
> …
>
> If a Court determines that requested discovery is "unreasonably cumulative or duplicative," it "must limit the frequency or extent of discovery otherwise allowed by these rules" or by local rule. Fed. R. Civ. P. 26(b)(2)(C). However, the Court has broad discretion in making this determination. *Simmons v. Morgan Stanley Smith Barney*, LLC, 2013 WL 310330, at *1 (S.D. Cal. Jan. 25, 2013)….
>
> Defendants submit that "[a] requirement that [they] collect documents from Hospitality Network would clearly be 'unreasonably cumulative or duplicative,' particularly since [Plaintiff] has subpoenaed Hospitality Network for those same documents, which Hospitality Network has agreed to provide." Docket No. 153 at 6 (citing *High Point Sarl v. Sprint Nextel Corp.*, 2011 WL 124534, at *3 (D. Kan. Jan. 14, 2011)). Plaintiff submits, in reply, that Defendants' position fails to justify "their failure over the previous months (before [Plaintiff's] subpoena to Hospitality Network) for not gathering" responsive information and documents within their control. Docket No. 155-3 at 6. Plaintiff further submits that "[p]arty discovery is entirely different from non-party discovery." *Id*. (comparing Fed. R. Civ. P. 26 and 45). Plaintiff also notes that *High Point Sarl* is inapplicable because it "focused only on the discovery burden of the third party [ ] rather than the party...." *Id*. In short, the opposite of the situation here.
>
> Plaintiff again has the better argument.…Rule 26 does not apply

- 4 -

> whenever requested discovery would be cumulative or duplicative; by its language, it applies only when requested discovery is "unreasonably" cumulative or duplicative. This distinction makes a difference under Rule 26.…Thus, for these reasons and because party discovery obligations differ from non-party discovery obligations, the Court finds that Defendants have failed to demonstrate that it would be unreasonably cumulative or duplicative to require them to request documents from Hospitality Network responsive to Requests for Production Nos. 1–4, 6.

*Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, No. 218CV00862MMDNJK, 2020 WL 4431498, at *2–4 (D. Nev. July 31, 2020).

In this case, the Court finds the discovery is not cumulative or duplicative for several reasons. First, Defendants are likely to have more complete responses regarding Defendants' own correspondence than non-parties. Thus, it is not unreasonable to seek discovery from Defendants, given their central role in the case, even if some of the responsive documents are duplicates of what was produced from another source. Second, there is no guarantee that the non-parties retained every text message or email such that the discovery produced by Defendants would be cumulative or duplicative in all respects. Finally, Defendants have created this objection by failing to timely respond with the responsive documents in their possession, custody or control. Rewarding such dilatory discovery practices by sustaining Defendants' objection would not be consistent with a party's disclosure obligations under the Rules. As the Nevada Court found, a *party's* discovery obligations are different than a non-party and Defendants will not be permitted to shift the burden of production in this case to non-parties.

Thus, for the foregoing reasons, Defendants objections are overruled. Defendants will be required to respond to RFP 3 as specified below. The Court will now turn to the "redaction" question regarding the "mailing list."

As indicated above, the Court has found Defendants have forfeited certain objections, including objections pursuant to A.R.S. § 16-168. This conclusion is even further bolstered by the fact that at the parties' required meet and confer prior to filing this discovery dispute, Defendants did not raise A.R.S. § 16-168 as a basis to object to RFP 3. (Doc. 51 at 3). The A.R.S. § 16-168 objection relates to the list of people to whom the work that forms the basis for this case was mailed. In a previous attempt to resolve this

issue, the Court suggested that Defendants could produce the mailing list of who was sent the work in a redacted format. (Doc. 48). Defendants agreed to produce the mailing list in a redacted format. (Doc. 50). Plaintiff objects to any redaction. (Doc. 51).

Because the parties, and particularly Defendants, so superficially briefed this issue, the Court does not know the scope of this "mailing" list. However, if by invoking A.R.S. § 16-168 Defendants are admitting that the "mailing list" is in fact the "precinct registers," the Court must decide whether potentially hundreds of thousands of voters' information should be disclosed in this litigation as a result of Defendants' untimely and inadequate objections. (Specifically, the entirety of Defendants' argument is: "In terms of the actual mailing list, A.R.S. § 16-168(F) appears to apply to this mailing list, and broadly prohibits use of voter rolls for any purpose that is not expressly authorized.").

Plaintiff is no more help than Defendant, which may not be fully Plaintiff's fault because this issue was not addressed in the meet and confer. For example, Plaintiff argues, "Defendants have not alleged that the mailing list— or any other responsive document— even contains the information prohibited from disclosure by A.R.S. § 16-168(F) (e.g., voters' month and day of birth date, social security number, driver license number or nonoperating identification license number, Indian census number, father's name or mother's maiden name, state or country of birth, signature, or e-mail address)." (Doc. 51 at 4). Plaintiff is correct that Defendants have not alleged that the list contains this protected information. But Defendants' failure to expressly allege the information is present is not dispositive of whether the information is present; and Defendants' invocation of A.R.S. § 16-168 at least implies they are arguing protected information is present.

Next Plaintiff says, "Plaintiff does not consent to Defendants redacting the names and addresses of the persons to whom the Infringing Works were sent as there is no legitimate reason to do so. Should the mailing list ever be filed in the public record, Plaintiff will comply with the requirements of Fed. R. Civ. P. 5.2." (Doc. 51 n. 4). While compliance with Fed. R. Civ. P. 5.2 is required, 5.2 does not represent the universe of requirements for filing documents in a public record. By way of example, A.R.S. § 16-153

states (emphasis added): "Eligible persons, and any other registered voter who resides at the same residence address as the eligible person, may request that the **general public be prohibited from accessing** the eligible person's identifying information, including any of that person's documents and voting precinct number contained in that person's voter registration record."  Eligible persons include: "a public official, former public official, peace officer, spouse of a peace officer, spouse or minor child of a deceased peace officer, justice, judge, commissioner, hearing officer, public defender, prosecutor, member of the commission on appellate court appointments, code enforcement officer, adult or juvenile corrections officer, corrections support staff member, probation officer, member of the board of executive clemency, law enforcement support staff member, employee of the department of child safety or employee of adult protective services who has direct contact with families in the course of employment, national guard member who is acting in support of a law enforcement agency, person who is protected under an order of protection or injunction against harassment or firefighter who is assigned to the Arizona counter terrorism information center in the department of public safety." A.R.S. § 16-153(K)(4) (a not-yet-in-effect 2023 amendment to the statute adds "health professional" to the list of "eligible persons").

      The Court of course has no idea how many individuals on a precinct register would be protected from disclosure to the "general public."  Further, A.R.S. § 16-153(K)(4) is just one of many federal and state laws that protect certain people's addresses and other personal information from public disclosure.  The Court will not endeavor to list all such statutes.  But the Court will make clear that nothing in this Order, or any Order that may issue hereafter, will protect Plaintiff or Plaintiff's counsel from civil or criminal liability if any of these laws are violated by public disclosure of this information.  In other words, mere compliance with Fed. R. Civ. P. 5.2 will be woefully deficient to protect this information; and, if Plaintiff or Plaintiff's counsel file information on the public docket, or otherwise wish to disclose any of the information, they must ensure they have complied with all applicable laws, both state and federal.

As for Plaintiff's argument that discovery in this case is not a "commercial purpose," the Court agrees. However, the statute is far more limiting than banning "commercial purposes." Specifically, the statute states: "Precinct registers and other lists and information derived from registration forms may be used only for purposes relating to a political or political party activity, a political campaign or an election, for revising election district boundaries or for any other purpose specifically authorized by law and may not be used for a commercial purpose as defined in section 39-121.03." A.R.S. § 16-168(E). Thus, the list can only be used for purposes affirmatively "authorized by law". A commercial purpose is just one of presumably many unauthorized uses. Accordingly, the fact discovery in this case is not a commercial purpose does not make the list outside the scope of A.R.S. § 16-168.

The Court having attempted to address the parties' opaque arguments regarding the mailing list, the bottom line is the Court does not know what the breadth of this list is and whether it is proportional to the discovery needs in this case. And while the Court finds Defendants have not shown good cause to overcome Defendants' failure to make timely objections (and will require Defendants to pay attorneys fees as a result) the Court nonetheless finds the many non-parties whose information is implicated by this request have a privacy interest that deserves that this Court better understand what is at stake before ruling on this request.

Thus, as indicated below, Defendants will be required to produce a redacted mailing list because there is no objection to producing the mailing list in a redacted format. Defendants must produce the redacted mailing list within 7 days of this Order. The parties must, within 14 days, meet and confer about A.R.S. § 16-168 specifically. By this time, Plaintiff will have the redacted mailing list and, based on the redactions, should have more precise knowledge about the scope of the list in terms of personal information. This meet and confer must occur literally face-to-face, in-person. Counsel who has authority to make final discovery decisions in this case must be present at the meeting. At the meeting, the parties must discuss why Defendants believe A.R.S. § 16-168 protects each item of

1 redacted information on the mailing list. Plaintiff must articulate why the redacted information is inadequate to disclose the number of times the work was used, or the alternative reason they require this information. Within 21 days, the parties must file a joint supplement indicating that either this issue has been resolved or arguing their respective positions regarding why Plaintiff is/is not entitled to an unredacted copy of the mailing list. A failure to raise a factual or legal argument at the meet and confer will be a basis for sanctions.

Because the parties must redo this portion of this discovery dispute due to Defendants' lack of diligence in the first instance, including their failure to timely raise this objection upon receiving RFP 3, their failure to raise the A.R.S. § 16-168 objection at the first meet and confer, and their failure to brief exactly how A.R.S. § 16-168 would apply to the "list" in this case (including failing to identify what exactly the list contains), the Court will allow Plaintiff to move for attorneys fees limited to the time spent on the second meet and confer and the filing of the supplement required herein. The motion for attorneys' fees (which is optional) is due within 28 days. It must specify under what Rule it is seeking fees and whether the fees sought are against the client, counsel, or both. It must show that the fees sought are reasonable, and it must comply with this Court's Rule 16 scheduling order's provision on seeking fees. Further, the parties must meet and confer on this fee issue as required by the Local Rules.

**Doc. 54**

Also pending is a discovery dispute related to a non-party: Veronica Gadea. Ms. Gadea seeks leave to file a motion to quash the subpoena for her deposition. Ms. Gadea intends to argue that taking her deposition would be cumulative of other discovery in this case, as well as being an undue burden and not proportional to the needs of the case. Defendants join Ms. Gadea's arguments regarding why her deposition should not be allowed to proceed.

Plaintiff argues first that procedurally these objections are not available to a non-party. Second, on the merits, Plaintiff argues this information has not been made available

to them from Defendant; thus, even if Defendants have the information, any production would not be cumulative.

On this record, the Court agrees with Plaintiff. For example, Plaintiff took Mr. Baker's deposition and he stated he did not know how Ms. Gadea created materials that included the work that forms the basis of this case. (Doc. 54 at 3). However, Mr. Baker has now "offered to affirm under oath" that he or Defendants decided to include the work, not Ms. Gadea. (Doc. 54 at 2). The fact that Mr. Baker is now offering to supplement or perhaps contradict his deposition deeply cuts against any argument that Ms. Gadea's testimony would be cumulative or duplicative of Ms. Baker's testimony.

Further, as discussed with respect to Doc. 45, Defendants have been dilatory in responding to discovery to date and Plaintiff has been forced to rely on information from non-parties. This reality cuts against any argument that non-party discovery is not "proportional" to this case; particularly one deposition. Additionally, the Court sees no reasons why Ms. Gadea's deposition would be an undue burden.

Thus, for all for the foregoing reasons, the Court is not inclined to quash a subpoena for Ms. Gadea's deposition. And to the extent Defendants oppose the deposition, their objections are overruled. However, Ms. Gadea herself is a non-party and as such will be permitted to file a motion to quash if she so chooses. But, Ms. Gadea is cautioned that such a motion is likely not the best use of her resources because the Court will not quash the subpoena unless something more compelling than what is in Doc. 54 is presented.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that within 14 days following entry of this Order, Defendants shall produce all documents and communications concerning or referring to the Copyrighted Work, including Defendants' use, copying, reproduction, display, or distribution of the Copyrighted Work or derivative works thereof, and documents sufficient to show the dates Defendants caused any portions of the Copyrighted Work to be distributed; the only exception is that the mailing list may be produced in a redacted format

and must be produced within 7 days.

**IT IS FURTHER ORDERED** that the second meet and confer must occur within 14 days.

**IT IS FURTHER ORDERED** that the joint supplement must be filed within 21 days.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees (if Plaintiff chooses to file) is due within 28 days.

**IT IS FURTHER ORDERED** that any motion to quash by Veronica Gadea is due within 5 days of this Order, a response is due within 5 days of the motion, and a reply is due within 5 days of the response.

Dated this 25th day of April, 2023.

James A. Teilborg
Senior United States District Judge

- 11 -