**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Photography By Frank Diaz LLC, | No. CV-22-01170-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Friends of David Schweikert, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend Complaint. (Doc. 43). The Motion is unopposed. Also pending is Defendant's Motion for Judgement on the Pleadings. (Doc. 31). The Court will now rule on both Motions.[1]

## I.   BACKGROUND

This case arises out of claims of copyright infringement brought against Congressman David Schweikert and his campaign committee, among others. (*See* Doc. 43). Plaintiff Photography by Frank Diaz alleges that Defendants used a copyrighted photograph without permission in campaign advertisements during the 2020 election. (*See* Doc. 43 at 3). Plaintiff asserts that the photograph, which is of Congressman Schweikert's primary opponent, was used in road signs and in "tens of thousands of mailers . . . ." (*Id.*).

This Court entered a Rule 16 scheduling order on September 25, 2022. (Doc. 25). The order set the deadline for motions to amend of October 7, 2022. (*Id.*). No motion to amend was filed before this deadline passed. On February 10, 2023, Defendants filed a

---
[1] The request for oral argument is denied because oral argument would not have aided the Court's decisional process.

motion for judgment on the pleadings. (Doc. 31). On March 13, Plaintiffs filed a Motion to Amend. (Doc. 43). Defendants do not oppose the motion. (Doc. 46).

## II. LEGAL STANDARD

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. However, in the present case, Rule 16 also applies because Plaintiff's requested leave to amend the complaint after the Rule 16 Scheduling Order deadline expired. Therefore, it is appropriate to discuss both Rule 15 and Rule 16.

Rule 15(a) provides in pertinent part:

> (1) …A party may amend the party's pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) …In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the

"amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs, Ltd.,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith.").

Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Extending discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

Rule 16, on the other hand, applies to pretrial conferences and scheduling orders. This Rule provides, in pertinent part:

> (b)(1) … Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
> (A) after receiving the parties' report under Rule 26(f); or
> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
> ...
> (3) …The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
> ...

> (4) …A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief[,]" however. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson* . . . once the district court has filed a pretrial scheduling order pursuant to Rule 16 . . . a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson*, 186 F.R.D. at 607; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner,

and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiffs' Motion under Rule 16, and then, if necessary, under Rule 15(a).

### III. ANALYSIS

#### a. Motion For Leave To Amend To Add An Additional Claim

Through its motion to amend, Plaintiff seeks to add an additional claim against Defendants for intentionally removing "copyright management information" from the photo of Congressman Schweikert's primary opponent. (Doc. 43 at 10). Plaintiff seeks to claim that Defendants directed a third party to remove a watermark from the photo to conceal the fact that the photo was protected by copyright. (*Id.* at 11). Plaintiff asserts that there is good cause to modify the scheduling order to allow it to amend its complaint because it has met all the requirements of the *Jackson* standard. This Court agrees.

First, as Plaintiff states, it was diligent in assisting the Court in creating a workable Rule 16 order. (*See Id*. at 13). Nothing in the record indicates that Plaintiff failed to assist the Court in this regard. Second, Plaintiff's failure to meet the deadline set out in the scheduling order occurred because of Defendant's delay in responding to requests for production. (*See id.*). Consequently, the failure to comply occurred because of the "development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *See Jackson*, 186 F.R.D. at 608. Plaintiff knew that someone had removed the watermark from the photograph and made a request for production seeking that information within five days of the start of discovery. (*See* Doc. 43 at 13). Plaintiff tried on multiple occasions to get Defendants to comply with discovery, including serving two deficiency letters. (*Id.* at 8). It was not until February 27, 2023 that Plaintiff was able to take the deposition of a witness who produced information relating to the person that was directed to remove the watermark. This Court finds that at

the time of the Rule 16 conference Plaintiff had no reason to believe that it would not receive this information in a timely manner. Finally, Plaintiff sought leave to amend the complaint only two weeks after learning this information. It therefore was diligent in seeking leave to amend upon realizing it would not be in compliance with the scheduling order.

Turning to the Rule 15 analysis, given the liberal nature of the rule and the fact that the motion to amend is unopposed, the motion will be granted. In this analysis, the burden shifts to the Defendants to show why leave to amend should be denied. *See DCD Programs, Ltd.,* 833 F.2d at 187. Leave to amend should only be denied if it would result in prejudice, was sought in bad faith, would be futile, or would cause undue delay. *See Madeja*, 310 F.3d at 636. Here, again, Defendants do not oppose the motion. Additionally granting the motion would not prejudice Defendants. Because the additional claim is a copyright claim, granting leave to add this claim would not significantly expand the scope of discovery in a meaningful way. Furthermore, this Court does not find significant prejudice due to the fact that Defendants have moved for judgment on the pleadings, as they would be free to largely file the same motion. Additionally, there is no indication that this motion to amend was made in bad faith. And the motion presents a claim that may have merit. Finally, this would not cause any significant delay in this case. Consequently, this Court finds that the Rule 16 and Rule 15 standards are satisfied. Therefore, it will grant Plaintiff's Motion to Amend Complaint.

### b. Motion For Judgement On The Pleadings

Given that this Court is granting Plaintiff's Motion to Amend Complaint, Defendants' Motion for Judgment on the Pleadings will be denied without prejudice as moot. *See Ogunsalu v. Nair*, 264 Fed. Appx. 672, 674 (9th Cir. 2008) (noting that any motions that are directed at superseding pleadings "no longer perform[] any function" and are treated as nonexistent.) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992)).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion to Amend Complaint, (Doc. 43), is granted. Plaintiff must file the amended complaint within 5 days of the date of this Order. If Plaintiff fails to file the amended complaint within this deadline, the original complaint will remain the operative pleading in this case.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. 31), is denied, without prejudice, as moot.

Dated this 9th day of May, 2023.

James A. Teilborg
Senior United States District Judge

- 7 -